UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PEREZ H. IRVIN,<br><br>  Plaintiff,<br><br>  v.<br><br>MAYES and PERRIGEN,<br><br>  Defendants. | CAUSE NO. 3:20-CV-979-RLM-MGG |

OPINION AND ORDER

Perez H. Irvin, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against two correctional officers for failing to protect him from an attack by other inmates. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Irvin alleges that on July 12, 2020, Officer Perrigen allowed him to leave his cell during count, even though inmates generally are to remain in their cells until count ends. Officer Perrigen also let other inmates leave their cells. Mr. Irvin started taking a shower. While showering, he saw that several offenders were stealing from

his cell. He quickly ended his shower. On his way to stop them, he was attacked. He was beaten and stabbed in the back.

Mr. Irvin pressed the intercom button and Officer Perrigen answered. After he reported that he was assaulted and stabbed, she told him to lock down but otherwise did nothing. Mr. Irvin pressed the button again, and Officer Mayes responded. Mr. Irvin stated that he thought the other offenders were going to kill him, he was bleeding, and he needed medical attention. Officer Mayes told him to go to his cell and lock down, but other offenders were still in it. Irvin pressed the button again, and a few minutes later Officer Mayes showed up with a nurse. Mr. Irvin was taken to a hospital for treatment.

Mr. Irvin sues Officer Perrigen and Officer Mayes for failure to protect. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832-833 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." Grieveson v. Anderson, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." Brown v. Budz, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010).

2

Neither defendant had advance notice of the attack. Mr. Irvin suggests that Officer Perrigen's failure to follow prison policy by allowing other offenders out of their cells during count is enough to hold her liable, but failure to follow prison rules does not independently violate the constitution. *See* Wozniak v. Adesida, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). There is nothing in complaint to indicate either officer had reason to know this attack was likely to happen.

Officers can't just stand by and do nothing once an offender is under an attack. *See* Schillinger v. Kiley, 954 F.3d 990, 994-995 (7th Cir. 2020); *see also* Borello v. Allison, 446 F.3d 742, 748-49 (7th Cir. 2006) (noting Eighth Amendment violation can occur where prison official "did not respond to actual violence between inmates"). Mr. Irvin alleges that Officer Perrigen answered the first call for help and told him to lock down, but did nothing else. It is possible she started responding behind the scenes but, giving Mr. Irvin the inferences to which he is entitled at the screening, Mr. Irvin states a claim upon which relief could be granted against her.

The complaint doesn't state a claim against Officer Mayes. The complaint's allegations show that Officer Mayes responded to Mr. Irvin's requests for help and brought a nurse. A prison official's response must be reasonable under the circumstances. *See* Borello v. Allison, 446 F.3d at 749. It appears that only a few

3

minutes passed before Officer Mayes arrived with medical aid. The complaint doesn't plausibly allege that he unreasonably delayed his response.

For these reasons, the court:

(1) GRANTS Perez H. Irvin leave to proceed on an Eighth Amendment claim against Officer Perrigen in her individual capacity for compensatory and punitive damages for failing to protect him by not responding to his request for help after being attacked by inmates on July 12, 2020;

(2) DISMISSES Officer Mayes;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer Perrigen at the Indiana Department of Correction and to send her a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Officer Perrigen, if she does not waive service and if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Perrigen to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

4

SO ORDERED on April 15, 2021

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT