UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PEREZ H. IRVIN,

        Plaintiff,

        v.                              CAUSE NO. 3:20-CV-979-RLM-MGG

PERRIGEN,

        Defendant.

OPINION AND ORDER

Perez H. Irvin, a prisoner without a lawyer, is proceeding in this case "against Officer Perrigen in [his] individual capacity for compensatory and punitive damages for failing to protect him by not responding to his request for help after being attacked by inmates on July 12, 2020[.]" ECF 8 at 4. Mr. Irvin alleged in his complaint that Officer Perrigen allowed other inmates into his cell and then ignored his requests for help after the inmates attacked him. Officer Perrigen filed a motion for summary judgment, arguing that Mr. Irvin didn't exhaust his administrative remedies before filing suit. Mr. Irvin filed a response, along with a motion for "summary judgment" on the issue of exhaustion.[1] Officer Perrigen hasn't filed a reply to Mr. Irvin's response, and the time for doing so has expired. Officer Perrigen's summary judgment motion is now ripe for ruling.

---

[1] Mr. Irvin's "summary judgment" motion requests as relief only that the defendants' summary judgment motion be denied and doesn't provide any independent basis for a grant of summary judgment in Mr. Irvin's favor. The court treats this motion as an additional response to the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners can't bring a case about prison conditions in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v.

McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). If prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

Officer Perrigen argues that Mr. Irvin didn't exhaust his administrative remedies because the grievance office rejected the grievance he submitted regarding the allegations in his complaint. Mr. Irvin responds the prison officials made the grievance process unavailable to him by improperly rejecting his grievance.

Mr. Irvin's grievance records show he submitted Grievance No. 212494 in July 2020, which stated in its entirety:

> On 7-12-20 I was the dorm rep on N-H-U, and we were on a major lockdown as to where no inmates [were] supposed to be outside of [their]

3

>cells. Right before 11:30 count my cell door came open without me having any knowledge why, at that time several inmates started attacking me, upon that point I felt a sharp pain in my back, there is no reason that my door should have been open, this is a violation [of] my rights (safety & security).

ECF 22-4 at 2. In his request for relief, Mr. Irvin stated he needed "the officer's name who opened [his] door" because he believed the officer was involved in the attack. *Id.* The grievance office rejected Grievance 212494 because it "appears to be submitted on behalf of another person or group." *Id.* at 1. Specifically, the Grievance Specialist stated the grievance was rejected because "Cannot use we/us." *Id.*

The prison improperly rejected Grievance 212494, because Mr. Irvin didn't submit the grievance on behalf of another person or group. The Indiana Department of Correction's grievance policy requires each grievance meet the following standards:

> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
> 5. It shall relate to only one event or issue;
> 6. It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;
> 7. It shall explain how the situation or incident affects the offender; and,
> 8. The offender shall suggest appropriate relief or remedy.

ECF 17-2 at 9. Grievance 212494 meets each of these requirements. Grievance 212494 complained about a specific event that occurred to Mr. Irvin and explained how Mr. Irvin was personally affected by the action described. Mr. Irvin's mere assertion that "we were on a major lockdown" when the incident occurred doesn't

4

indicate he submitted the grievance on behalf of another person or group. The prison made the grievance process unavailable to Mr. Irvin by improperly rejecting Grievance 212494.

Officer Perrigen also argues Grievance 212494 can't be used to exhaust Mr. Irvin's claim against him because the grievance doesn't mention Officer Perrigen by name. The grievance policy doesn't require that a grievance mention a correctional officer by name. The grievance form tells inmates to "[p]rovide a brief, clear statement of your complaint or concern. Include any information that may assist staff in responding to your grievance." *See, e.g.,* ECF 22-4 at 2. Mr. Irvin satisfied this requirement by describing specific conduct by a specific correctional officer that ert occurred at a specific time and date. That Mr. Irvin didn't know Officer Perrigen's name at the time he filed his grievance isn't a basis for finding that he didn't exhaust. Officer Perrigen hasn't met his burden to show Mr. Irvin failed to exhaust his administrative remedies.

For these reasons, the court DENIES Officer Perrigen's summary judgment motion (ECF 22). Because the court has rejected Officer Perrigen's exhaustion defense, Perez H. Irvin's motion for "summary judgment" on the issue of exhaustion (ECF 16) is DENIED AS MOOT.

SO ORDERED this October 27, 2021

/s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT

5