UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PEREZ H. IRVIN,

                Plaintiff,

           v.                             CAUSE NO. 3:20-CV-979-RLM

PERRIGEN,

                Defendant.

<u>OPINION AND ORDER</u>

Perez H. Irvin,[1] a prisoner without a lawyer, is proceeding in this case "on an Eighth Amendment claim against Officer Perrigen in [his] individual capacity for compensatory and punitive damages for failing to protect him by not responding to his request for help after being attacked by inmates on July 12, 2020[.]" ECF 8 at 4. Mr. Irvin alleged in his complaint that he pressed the intercom button after he was attacked and asked Officer Perrigen for help, but Officer Perrigen told him to lock down and otherwise did nothing to help him. *Id.* at 2. Officer Perrigen filed a motion for summary judgment, arguing he did not violate Mr. Irvin's Eighth Amendment rights. ECF 68.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

---

[1] Also known and referred to in the record as Irvin Perez.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely entirely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks omitted). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The plaintiff must establish that the defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable

refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Walls, 599 F.3d at 756.

In the context of failure to protect cases, the courts have equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996). "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." Lewis v. Richards, 107 F.3d 549, 554 (7th Cir. 1997).

The parties provide evidence showing the following: On July 12, 2020, Officer Perrigen was the POD Officer assigned to Mr. Irvin's housing unit. ECF 42 at 4-5. This was Officer Perrigen's first time working in that housing unit. ECF 48-1 at 6. Officer Perrigen let several offenders out of their cells because he had seen them out of their cells the previous shift and thought it was normal for them to be out of their cells. Id. Around 1:35 p.m., Officer Perrigen noticed that a lot of offenders were out of their cells and ordered them to lock down. ECF 68-2 at 1; ECF 48-2 at 7. Offenders began moving toward the slider doors, and Officer Perrigen was advised by intercom that Mr. Irvin had been stabbed. Id.; ECF 42 at 5. Officer Perrigen didn't see the assault, and wasn't informed of any threat to Mr. Irvin before the assault. ECF 68-2 at 1-2. When he got to the slider doors, he found Mr. Irvin and his cellmate at the slider doors and noticed Mr. Irvin was bleeding. ECF 68-2 at 1; ECF 48-2 at 7. At 1:38

p.m., Officer Perrigen called for a "signal 3000" for medical assistance and provided medical staff with information on their location and the extent of Mr. Irvin's injuries. ECF 68-2 at 2; ECF 48-2 at 7. He then opened the slider door to allow Mr. Irvin and his cellmate out of the unit until medical assistance arrived. ECF 68-2 at 2. At 1:40 p.m., medical staff arrived and Mr. Irvin was airlifted to a hospital. ECF 48-1 at 6; ECF 48-2 at 7. Because neither party disputes these facts, the court accepts them as undisputed.

In his summary judgment motion, Officer Perrigen argues he wasn't deliberately indifferent to Mr. Irvin's safety because he responded appropriately to the assault by quickly calling a signal 3000, requesting immediate medical attention, and opening the slider door to evacuate Mr. Irvin and his cellmate from the unit. ECF 69 at 4-5. Mr. Irvin doesn't dispute any of these facts. ECF 86. The court therefore accepts as undisputed that Officer Perrigen responded appropriately to Mr. Irvin's assault by requesting immediate medical attention and evacuating Mr. Irvin from the unit. This shows that Officer Perrigen wasn't deliberately indifferent to Mr. Irvin's safety after the July 12, 2020, assault; he didn't fail to protect Mr. Irvin or deny him medical treatment. *See* Duane v. Lane, 959 F.2d at 677; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (to find a defendant liable for denial of medical treatment, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that

harm from occurring even though he could have easily done so") (internal quotation marks, brackets, and citations omitted).

Instead, Mr. Irvin argues in his response that Officer Perrigen was deliberately indifferent for letting the inmates out of their cells before the assault, despite knowing the unit was on lockdown status. ECF 86 at 3-5. This court expressly denied Mr. Irvin leave to proceed against Officer Perrigen for failing to protect him before the assault, concluding that Mr. Irvin hadn't alleged Officer Perrigen knew of a specific threat to his safety. *See* ECF 8 at 2-3. As explained, Mr. Irvin can't show Officer Perrigen was deliberately indifferent for letting the inmates out of their cells before the assault because it is undisputed Officer Perrigen didn't know of any specific threat to Mr. Irvin's safety at that time. *See* <u>Pope v. Shafer</u>, 86 F.3d at 92 (in failure to protect cases, the prisoner must show the defendant knew "about a specific threat to his safety"); <u>Lewis v. Richards</u>, 107 F.3d at 554 (holding that "[e]xercising poor judgment" does not show deliberate indifference); <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1032 (7th Cir. 2000) (holding that "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence"). Because there is no evidence from which any reasonable jury could conclude Officer Perrigen was deliberately indifferent to Mr. Irvin's safety either before or after the July 12, 2020, assault, summary judgment is warranted in favor of Officer Perrigen.

For these reasons, the court:

(1) GRANTS Officer Perrigen's summary judgment motion (ECF 68); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Perrigen and against Perez H. Irvin and to close this case.

SO ORDERED on February 8, 2023

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT