UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PEREZ H. IRVIN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:20-CV-979-JVB |
| ) | |
| PERRIGEN, ) | |
| Defendant. ) | |

## ORDER AND OPINION

Perez H. Irvin, a prisoner without a lawyer, filed a motion seeking leave to appeal *in forma pauperis*. ECF 110. The notice of appeal says he is appealing the order entered on November 6, 2023,[1] which denied his motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[2] ECF 102, 103.

Mr. Irvin is not entitled to appeal *in forma pauperis*. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). As explained in the order being appealed (ECF 102), Mr. Irvin's delayed receipt of the electronic notification granting him an extension of time to file a summary judgment response did not constitute "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b). Mr. Irvin received actual notice of the extension of time on January 9, 2023, (ECF 99-1 at 3), one month *before* the Court entered its summary judgment order (ECF 96). As such, he had one month to notify the

---

[1] This order was entered on November 3, 2023, but it was docketed on November 6, 2023.

[2] Mr. Irvin's Rule 60(b) motion sought relief from the order granting Defendant's motion for summary judgment and judgment entered thereafter, arguing that he would have been able to draft a better response to Defendant's motion for summary judgment had he known that he had more time to do so. ECF 99.

Court of the delayed receipt and/or ask to file an amended response. He did neither. For this reason, the Court finds that no reasonable person could suppose that his appeal has some merit and, therefore, his appeal is not taken in good faith.[3] *See Walker*, 216 F.3d at 632.

Mr. Irvin also filed a motion for assistance with recruiting counsel. ECF 111. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, a court may ask counsel to volunteer to represent indigent parties for free:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Court-appointed counsel is not warranted. While Mr. Irvin shows that he made reasonable attempts to obtain the assistance of counsel in 2020, 2021, and 2022 (ECF 111-2 at 2-16), his case here is now over. He also competently filed his notice of appeal and *in forma pauperis* motion. Any request for counsel on appeal must be directed to the Seventh Circuit Court of Appeals.

For these reasons, the motions (ECF 110, 111) are **DENIED**.

SO ORDERED on December 22, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

---

[3] Furthermore, Mr. Irvin identifies the issue for appeal as "Eighth Amendment 'deliberate indifference with recklessness.'" ECF 110 at 1. This is not a good faith basis to challenge the denial of the Rule 60(b) motion, and an appeal of the underlying summary judgment order (ECF 96), issued on February 8, 2023, would be untimely. *See* Fed. R. App. P. 4(a)(1)(A) (requiring notice of appeal to be filed within 30 days of order).